IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIO-RAD LABORATORIES, INC.; FALVEY CARGO UNDERWRITING, LTD; and CONTINENTAL INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>    v.<br><br>EAGLE GLOBE LOGISTICS, and DOES 1 - 11,<br><br>    Defendants | CIV-S-05-2054 DFL PAN<br><br><u>MEMORANDUM OF OPINION AND ORDER</u> |

  Plaintiffs Bio-Rad Laboratories, Inc. ("Bio-Rad"), Falvey Cargo Underwriting, Ltd., and Continental Insurance Company move to remand this action to state court. Defendant Eagle Globe Logistics ("EGL") asserts that jurisdiction is proper under the Carmack Amendment, 49 U.S.C. § 14706.

  The parties do not dispute that the Carmack Amendment completely preempts state law claims for damages arising out of an interstate shipment of cargo when the shipment is carried entirely by ground transportation. (Reply at 2; Opp'n at 2.)

1

The parties also do not dispute that, where it applies, the Carmack Amendment provides a basis for federal jurisdiction. (Id.)  Therefore, if the equipment at issue was shipped from Salt Lake City to Benicia exclusively by truck, the court has jurisdiction and the motion to remand must be denied.  See Hughes Aircraft Co. v. North American Van Lines, Inc., 970 F.2d 609, 611 (9th Cir. 1992); Adams Express v. Croninger, 226 U.S. 491, 505-06, 33 S.Ct. 148 (1912).  However, if the equipment was transported by air as part of its "continuous movement" from Salt Lake City to Benicia, then the Carmack Amendment does not apply and the court lacks jurisdiction to hear the case.  See 49 U.S.C. § 13506(a)(8)(B) (exempting from coverage under the Carmack Amendment the "transportation of property (including baggage) by motor vehicle as part of a continuous movement which . . . has been or will be transported by an air carrier."); see also E.J. Rogers, Inc. v. UPS, 338 F.Supp.2d 935, 938 (S.D. Ind. 2004) (finding that the Carmack Amendment does not apply to cargo that has been, or will be, shipped by air); EIJ, Inc. v. UPS, 2004 U.S. Dist. LEXIS 18481, at *12 (C.D. Cal. 2004) (same).[1]

Because the resolution of this motion depends on whether the equipment at issue was transported by air at any point in its

---

[1] EGL asserts that the Carmack Amendment applies even if the cargo was transported by air because the parties contracted for ground carriage.  However, the statute refers to the actual method of shipment, not the method of shipment for which the parties contracted, and expressly exempts air shipments from its coverage.  49 U.S.C. § 13506(a)(8)(B).  Moreover, EGL cites no case in which a court applied the Carmack Amendment to a package shipped by air.

journey, the court now opens a limited discovery period so the parties can further investigate this issue.  Discovery at this time is limited to resolving the issue of the manner in which the equipment was transported from Salt Lake City to Benicia. Discovery on this issue shall close on Friday, March 10, 2006.

If, at the close of this discovery period, both parties agree that the equipment was, or was not, transported by air, then the parties shall submit a joint filing detailing their conclusion.  If this issue remains disputed at the close of the limited discovery period, then Bio-Rad shall file a supplemental brief in support of its motion to remand no later than Wednesday, March 22, 2006.  EGL's opposition shall be filed no later than Wednesday, April 5, 2006.  Bio-Rad's reply shall be filed no later than April 12, 2006.  The hearing will be held on April 26, 2006 at 10:00 A.M.

IT IS SO ORDERED.

Dated: 1/30/2006.

_____
DAVID F. LEVI
United States District Judge